**REVISED July 8, 2016**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN BERNARD SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-148-1

Before JOLLY, WIENER, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jonathan Bernard Smith appeals his sentence for conspiracy to possess with intent to distribute a controlled substance. He complains that the district court erred when it increased his offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a drug-related

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

premises. Our review is for clear error. *See United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

Smith contends that the court erred in finding that drug distribution was one of his primary or principal uses of the premises because he did not have a possessory interest in the premises or distribute drugs from inside, or control access to, the home. We need not decide this question because any error was harmless.

The district court stated that it would impose the same sentence regardless of whether it was correct regarding the premises enhancement. The district court explained that its sentence was based on several factors, including the fact that Smith intended to engage in violence by robbing an undercover agent during a drug transaction. The court further explained that the sentence was appropriate to provide just punishment, to protect the public, and to provide deterrence. In light of the foregoing, any error was harmless. *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 430 (5th Cir. 2014).

AFFIRMED.